**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**ANGEL REYES-VELÁZQUEZ,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**Civil No. 09-1626 (ADC)**

**[Related to Crim. No. 05-232 (ADC)]**

## OPINION AND ORDER

Petitioner, Angel Reyes-Velázquez ("petitioner"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, with an integrated Memorandum of Law in support thereof (collectively, "2255 motion"), on July 7, 2009. **ECF No. 1**. Petitioner seeks post-conviction relief on the basis that he received ineffective assistance of counsel. *Id.* Respondent, the government, filed an opposition to petitioner's motion (**ECF No. 5**) and the matter was referred to Magistrate-Judge Marcos López for a Report and Recommendation ("R & R"). **ECF No. 8.** After conducting an evidentiary hearing on January 9, 24, and 26, 2012, the Magistrate-Judge issued an R & R, recommending petitioner's 2255 motion be denied **(ECF No. 33)**, to which petitioner objected **(ECF No. 34)**. After a thorough review of the R & R, petitioner's objections, and the record, the Court hereby **ADOPTS** the R & R (**ECF No. 33**) for the reasons set forth below.

### I. Factual and Procedural History

On April 4, 2006, petitioner pled guilty to Counts Two and Four of the indictment[1] pursuant to a plea agreement accorded under the provisions of Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure. **Criminal No. 05-232, ECF Nos. 178, 179, 180**. The

---

[1] Counts Two and Four of the indictment related to attempting to possess with the intent to distribute five (5) kilograms or more of cocaine on December 16, 2004, [in violation of 21 U.S.C. § 856, 841(a) and 18 U.S.C. § 2] and carrying and possessing a firearm during and in relation to a drug trafficking crime on December 15, 2004, [in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2]. **Criminal No. 05-232**, **ECF No. 1.**

sentencing hearing was held on August 25, 2006. *Id.* at **ECF No. 259**. The District Court sentenced petitioner to a term of imprisonment of one hundred and forty-seven (147) months. *Id.* at **ECF No. 260**. Additionally, the Court imposed a supervised release term of four (4) years as to Count Two and five (5) years as to Count Four to be served concurrently, and a special monetary assessment of two hundred dollars. Petitioner appealed. *Id.* at **ECF No. 309.** On April 7, 2008, the First Circuit Court of Appeals remanded the portion of the judgment imposing restitution and affirmed the rest of the judgment. *Id.* at **ECF No. 526**. Petitioner did not file a petition for rehearing en banc. On May 21, 2008, the Court amended judgment to correct the date of the original judgment and vacated the restitution order. **ECF No. 528**.

## II.     Objections to the R & R

Section 2255(a) provides that a prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C § 2255; *Hill v. United States*, 368 U.S. 424 (1962).

Petitioner claims trial counsel failed to provide effective legal representation inasmuch as counsel: (a) failed to challenge the sufficiency of petitioner's indictment on Count Four (the firearm count); and (b) failed to adequately investigate the facts of the case before advising him to plead guilty. **ECF No. 1.** The government opposed petitioner's motion, arguing the petitioner was advised of his right to go to trial; knew the consequences of the plea agreement; had sufficient time to consult with his attorney; and stated he was satisfied with his counsel's performance. Further, the government avers that petitioner failed to prove that his counsel's assistance in advising him to plead guilty and in representing him was ineffective. **ECF No. 5.** Upon conclusion of the evidentiary hearing regarding petitioner's claims, the Magistrate-Judge issued an R & R. **ECF No. 33.** The Magistrate-Judge recommended the Court deny petitioner's motion.

First, the Magistrate-Judge addressed petitioner's challenge to Count IV, wherein it was alleged that such count, charging defendant with carrying and possessing a firearm during and in relation to a drug trafficking crime, failed to charge an offense. The Magistrate Judge found such challenge unpersuasive. The Magistrate-Judge went on to note that the statutory language and the legislative history of 21 U. S.C. § 924(c)(I) do not support the conclusion that Congress intended two separate offenses, nor does the language of the statute prescribe two different kinds of conduct to suggest separate offenses. *United States v. Arreola*, 467 F.3d 1153, 1156-60 (9th Cir. 2006). Second, the Magistrate-Judge found the ineffective assistance of counsel claim similarly unpersuasive because counsel indeed evaluated the entrapment defense, understood the same to be inapplicable and made a tactical decision against presenting such a defense. Further, regarding petitioner's allegation that he told his counsel that he wished to proceed to trial, the Magistrate-Judge cited to the petitioner's testimony at the change of plea hearing, where, under oath, he voluntarily and knowingly communicated his understanding that he waived his right to a jury trial and that he was satisfied with his trial attorney. *Id.* at 7-8. By like token, the Magistrate-Judge highlighted the fact that the plea agreement clearly warned petitioner that, by pleading guilty, he was surrendering his right to confront government witnesses and present witnesses and evidence on his behalf. *Id*. at 11.

The Magistrate-Judge also stated that, during the evidentiary hearing, petitioner admitted that he knew he could write a letter or file a motion requesting the appointment of new counsel, yet failed to do so, which suggests that he was satisfied with his counsel at the time he pled. *Id.* This was bolstered by defense counsel Benito Rodríguez Massó, who testified that he had a good attorney-client relationship with petitioner, that petitioner never complained about his representation, and that petitioner's family expressed satisfaction with the plea agreement reached.[2]

---

[2]The Magistrate-Judge discredited the testimony of co-defendants Ramón Núñez-Rosario and Jaime López, whom petitioner testified favorably for at their trial, noting that Núñez-Rosario had not

Last, as to petitioner's contention on counsel's failure to investigate the confidential informant's past, the Magistrate-Judge recommended the Court deny the *habeas* relief because, as stated above, petitioner was warned at the change of plea hearing that if he proceeded with such course of action, he would effectively waive his right to confront and cross-examine the witnesses who would testify against him at trial. As such, petitioner waived his right to impeach the confidential informant and his dubious past. In light of the above, the Magistrate-Judge found that, under *Strickland v. Washington*, 466 U.S. 668 (1985), petitioner was unable to satisfy his burden of proof that his attorney's performance fell below an objective standard of reasonableness and that he would have insisted on going to trial, but for that deficient performance. *Id.* at 11-12.

The Court notes that petitioner's opposition to the R & R lodges no objection as to the Magistrate-Judge's assessment of the following: (1) that Count 4 of the Indictment did, in fact, charge an offense; (2) the credibility and weight afforded to petitioner's witnesses and the credibility of defense counsel's testimony; and (3) that petitioner's allegation that he told his attorney he wished to proceed to trial ran afoul of the record and petitioner's own statements, made under oath. *See generally* **ECF No. 34**. Thus, "[a]bsent objection . . ., [a] district court ha[s] a right to assume that [a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Further, the court finds no plain error in the Magistrate-Judge's recommendation on these matters. *Pellot-Bermúdez v. United States*, No. 04-1702, 2006 WL 3007480, at *2 (D.P.R. Sept. 22, 2006)( the court need only satisfy itself that there is no plain error in order to accept an unopposed Report and Recommendation.) Accordingly, the Court **ADOPTS** the unopposed portions of the Magistrate-Judge's R & R that entertain these matters. **ECF No. 33** at 2-11.

Petitioner's objection to the R & R centers on the Magistrate-Judge's last assessment

---

been present during the conversations between counsel Rodríguez-Massó and petitioner. He also understood López' testimony to be suspect since, admittedly, petitioner's testimony was very valuable to López at his trial. *Id.* at 10. Petitioner poses no objections to the Magistrate-Judge's assessment of these witnesses testimonies.

of petitioner's ineffective assistance of counsel claim. The Magistrate-Judge found that petitioner voluntarily entered a guilty plea, despite being warned that, proceeding in such fashion, would waive his right to confront and cross-examine the witnesses that would testify against him at trial. Thus, in so doing, petitioner waived his right to impeach the confidential informant. **ECF No. 33** at 11-12. The Magistrate-Judge went on to note that, in order to attack the voluntary and intelligent character of the guilty plea, petitioner must show that the advice he received from his counsel fell below the standards set forth in *McMann v. Richardson*, 474 U.S. 52 (1985). Thus, in order the prevail, the Magistrate-Judge reasoned that petitioner must show that counsel fell below an objective standard of reasonableness and that he would have insisted on going to trial but for his counsel's deficient performance in accordance with *Strickland v. Washington*, 466 U.S. 668, 687-688 (1985). *Id.*

In his objection, petitioner avers that the Magistrate-Judge erred in his understanding that by pleading guilty, petitioner waived his right to confront witnesses and impeach the confidential informant. **ECF No. 34** at 4-9. In turn, petitioner states that defense counsel's alleged failure to properly investigate the government informant and the government's failure to provide Brady/Giglio material rendered counsel's assistance ineffective. *Id.*

### III.    Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, petitioner "must show both deficient performance by counsel and resulting prejudice." *Telvin v. Spencer*, 621 F. 3d 59, 66 (1st Cir. 2010)(citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). For the "deficient performance" prong, petitioner must prove that his trial counsel's representation "fell below an objective standard of reasonableness." *Id.*(citing to *Strickland*, 466 U.S. at 687). Reasonableness is considered in the light of "prevailing professional norms," bearing in mind that review of counsel's performance is deferential and that a strong presumption exists that said performance "falls within the wide range of reasonable professional assistance." *Id. (*quoting *Strickland,* 466 U.S. at 688-9). Thus, "[t]o satisfy the deficient-performance prong, the defendant 'must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,' and the court then determines whether, in the particular context, the identified conduct or inaction was 'outside the wide range of

professionally competent assistance.'" *U.S. v. Manon*, 608 F.3d 126, 131 (1st Cir. 2010)(citing *Strickland,* 466 U.S. at 690).

On the other hand, the "prejudice" prong requires petitioner to show with "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Porter v. McCollum*, 130 S. Ct. 447, 453 (2009)(per curiam)(quoting *Strickland*, 446 U.S. at 694)(quotation marks omitted). Thus, petitioner must establish "a probability sufficient to undermine confidence in [that] outcome." *Tevlin v. Spencer*, 621 F. 3d at 66 (quoting *Porter*, 130 S. Ct. at 455-56, quoting *Strickland*, 466 U.S. at 693-94). "In making the prejudice assessment, we focus on the fundamental fairness of the proceeding." *U.S. v. Manon*, 608 F.3d at 131-32 (internal citations and quotations omitted).

The focus of the inquiry before the Court is whether the Magistrate-Judge erred in finding that petitioner's plea was voluntary and intelligent and that, as such, he waived his right to confront and impeach witnesses. Petitioner calls to question whether counsel's failure to investigate the confidential informant's checkered past and the government's failure to release Brady/Giglio material persuaded petitioner into entering a guilty plea that was not voluntary or intelligent and should be vacated. **ECF No. 33** at 4-9.

First, with regard to the ineffective assistance of counsel claim, the Court notes that petitioner's 2255 motion and brief discusses counsel's failure to investigate the propriety of establishing an entrapment defense, by failing to properly investigate the confidential informant's background. **ECF No. 1-2** at 9-15. It does not address the government's failure to provide the Brady/Giglio material as petitioner's objection argues. Petitioner's brief seems to hold a veiled allegation of prosecutorial misconduct. **ECF No. 34** at 6-7.[3] However, the same was not before the Magistrate-Judge and should not be considered. *Pérez v. St. John's Sch.*, 814 F. Supp. 2d 102, 107 n.5 (D.P.R. 2011)("New arguments, or new known evidence, are to be excluded as reconsideration arguments originally available at the time of the submission to the Magistrate-Judge.")(citations omitted). Notwithstanding, defense counsel did evaluate

---

[3] Petitioner seems to allege that the government failed to disclose material that could serve to impeach the government witness. *Id.* Nothing in the record reflects that the government withheld impeachment and/or exculpatory evidence.

the entrapment defense, which is the basis of petitioner's § 2255 motion and objection to the R & R. However, as discussed below, defense counsel found the entrapment defense was not viable, given petitioner's circumstances and the events that transpired.

The Court now turns to petitioner's contention that counsel's advice as to the entrapment defense was ineffective; and, as such, invalidates his guilty plea. The Court finds, as the Magistrate-Judge did, that petitioner was clearly warned that, by pleading guilty, he was surrendering his right to confront government witnesses and present witnesses and evidence on his behalf. **ECF No. 33** at 11. As also highlighted by the Magistrate-Judge, counsel's decision to not raise an entrapment defense was a tactical one and his assessment and reasons for not presenting such a defense are not completely unreasonable or bore no relationship to a possible defense strategy.

As the First Circuit Court of Appeals has emphasized, a strong presumption exists "that counsel's strategy and tactics fall 'within the range of reasonable professional assistance,' and courts should avoid second-guessing counsel's performance with the use of hindsight." *Knight v. Spencer,* 447 F.3d 6, 15 (1st Cir. 2006)(quoting *Strickland,* 466 U.S. at 689.) "[T]actical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance." *United States v. Ortiz Oliveras,* 717 F.2d 1, 3 (1st Cir. 1983). Thus, "only where, given the facts known at the time, counsel's 'choice was so patently unreasonable that no competent attorney would have made it,' that the ineffective assistance prong is satisfied." *Id.* (quoting *Strickland,* 466 U.S. at 693-94.) The record holds no such circumstances here.

As the records reflects, counsel Rodríguez-Massó testified that he analyzed various defense theories prior to the change of plea hearing, including the possibility of an entrapment defense. However, he rejected that strategy because petitioner did not withdraw from the conspiracy or drug transaction once he discovered that illegal controlled substances were involved, nor was there evidence the he was unable to withdraw from the same due to duress or coercion. *Id.* at 8-9. In fact, in its analysis of petitioner's entrapment defense argument, the Magistrate-Judge agreed with the defense counsel that the entrapment defense was not a viable option, given that petitioner would not have been able to show reluctance

inasmuch as he participated in the illegal venture twice for his personal profit and took the initiative to suggest further underground activities for said profit. *Id.* at 6-7. Thus, trial counsel's decision to forego the entrapment defense falls well within the "wide latitude counsel must have in making tactical decisions," rather than the result of ineffective assistance, as petitioner contends. *Horton v. Allen,* 370 F.3d 75, 86-87 (1st Cir.2004), *cert. denied,* 543 U.S. 1093 (2005). A decision that is consistent with a reasonable trial strategy simply cannot sustain a claim of ineffective assistance of counsel. *Strickland,* 466 U.S. at 689; *Lema v. United States,* 987 F.2d 48, 51 (1st Cir.1993).

Additionally, the Court is unpersuaded by petitioner's argument that his guilty plea was involuntary. The Magistrate-Judge described, to this Court's satisfaction, that, during the evidentiary hearing, defense counsel stated that the motion for change of plea was filed upon counsel's advice and petitioner's instruction since the clients are the ultimate decision makers at all crucial stages of the case. Further, petitioner, under oath and with the Court's admonitions as to the scope and consequences of so doing, entered into a guilty plea. Both the Court and the plea agreement clearly forewarned petitioner, that by pleading guilty, he was waiving his right to confront government witnesses and present witnesses on his behalf. This waiver included the right to impeach the government's confidential informant with his checkered past. The First Circuit has "repeatedly recognized that an unconditional guilty plea is inherently a waiver of all non-jurisdictional claims predating the plea. *See, e.g., United States v. Rodríguez–Castillo,* 350 F.3d 1, 3–4 (1st Cir.2003); *see also Acevedo–Ramos v. United States,* 961 F.2d 305, 307–08 (1st Cir.1992) (statute of limitations defense waived); *United States v. Wright,* 873 F.2d 437, 442 (1st Cir.1989) (challenge to voluntariness of confession waived)." *United States v. Newbert,* 504 F.3d 180, 182 (1st Cir. 2007).

For the reasons set forth above, the Court finds that the Magistrate-Judge correctly concluded that counsel had legitimate reasons for deciding to forego the entrapment defense, given petitioner's circumstances and the evidence available. Further, the Court finds that petitioner has not met his burden of proof to demonstrate that his trial counsel fell below an objective standard of reasonableness and that he would have insisted on going to trial, but for the deficient performance. The record includes petitioner's own assurances, made under oath,

that he was pleading guilty with the knowledge that he was surrendering his right to cross-examine witnesses and present witnesses on his behalf, and that he was satisfied with his counsel's representation.  "Solemn declarations in open court carry a strong presumption of verity." *Blackledqe v. Allison,* 431 U.S. 63, 74 (1977). Therefore, the Court finds that petitioner's plea was made voluntarily, intelligently and knowingly.

### IV.     Conclusion

In light of the foregoing, the court hereby **ADOPTS** the Magistrate-Judge's R & R (**ECF No. 33**) and **DENIES** petitioner's 2255 motion (**ECF No. 1**).

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of September, 2012.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**